Mary Elizabeth TRULL, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF PUBLIC WELFARE, Respondent.**

No. 5243.

District of Columbia Court of Appeals.

Argued June 15, 1970.

Decided Sept. 10, 1970.

Alfred Christie, III, Washington, D. C., for petitioner.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

This appeal is from an order of the Director of Public Welfare terminating petitioner's assistance payments for six of her nine children under the District of Columbia Aid to Families with Dependent Children [1] (AFDC) program. Petitioner was originally awarded AFDC assistance in May 1969 after she had separated from her husband because of his drinking and violent behavior. Her husband returned to the home, uninvited and against her will, in August 1969. Petitioner's husband, the father of her six youngest children, had previously been trained under a government-sponsored program as a meat cutter and butcher; however, except for a short period following his return to the home, he has failed and refused to work and support his family.

[1]. D.C.Code 1967, § 3–202 et seq.

When petitioner notified the Department of Public Welfare of her husband's presence in the home and her inability to make him leave [2] she was notified that if he continued to remain in the home she would become ineligible for full public assistance benefits. A hearing requested by petitioner resulted in a finding that because the husband was able-bodied and employable and was living at home, his six children no longer qualified as "dependent" children entitled to AFDC assistance.

 Petitioner questions her ineligibility for continued public assistance. In our judgment, however, the Department's decision to terminate assistance for six of her nine children is unquestionably a valid one. Both need and deprivation must be shown when a child seeks to qualify for AFDC benefits, and the applicable regulation [3] provides that

> A child, to be eligible for AFDC, must be deprived of the care and support of at least one parent by reason of the parent's death, incapacity or continued absence from the home.

■ In this case both parents are alive, neither is incapacitated, and both are present in the home. Thus the six children are ineligible for AFDC by reason of the father's presence in the home and will remain so until he leaves.[4]

■ AFDC, a federally financed program on a matching fund basis, is administered locally in accordance with the provisions of the federal Social Security Act.[5] Petitioner claims that the District of Columbia has failed to implement its assistance program pursuant to Section 607(a) of that Act which provides for aid to dependent children of unemployed fathers under certain specified conditions. The program, just recently adopted by the District, would not in any event aid petitioner here, as she seems to contend, since AFDC benefits are not provided to a child when the unemployed parent refuses to accept employment without good cause.

Petitioner's remaining arguments that the Department's decision is otherwise inconsistent with the Social Security Act [6] or denies her six children equal protection of the law [7] are without merit.

Affirmed.

---

2. In her attempts to oust her husband petitioner had sought "the assistance of the police, the Office of the District Attorney, and the Legal Aid Society." R. 62.

3. District of Columbia Handbook of Public Assistance Policies and Procedures, HPA–2, EL 4.0. (I) (A).

4. While this appeal was pending petitioner secured an Order of Maintenance in the Domestic Relations Branch of the trial court on May 5, 1970. Prompt action to enforce that order should afford a solution to petitioner's problem.

5. 42 U.S.C. § 601 et seq.

6. *See, e. g.,* Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970) ; King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

7. *See, e. g.,* Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).